UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.  8:10-cr-114-T-23TBM

ALEXANDER BATISTA
_____/

**FORFEITURE MONEY JUDGMENT**

Count One of the indictment charges Batista with distribution of hydrocodone and conspiracy to possess with the intent to distribute hydrocodone in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The indictment also contains a forfeiture allegation, which provides Batista with notice that the United States seeks a $6,000 forfeiture money judgment.

As explained in the United States' motion for entry of a forfeiture money judgment (Doc. 96), (1) Batista obtained at least $6,000 in proceeds from his involvement in the drug trafficking conspiracy and (2) Batista's business, Net Investment & Services Inc., was used to facilitate the drug conspiracy.  In his plea agreement (Doc. 64), which was accepted on July 28, 2010, Batista agrees to entry of a $25,000 forfeiture money judgment, $6,000 of which represents proceeds from the conspiracy and $19,000 of which represents the approximate value of Net Investment & Services, Inc.

Because the United States has established that Batista obtained at least $6,000 in proceeds from the conspiracy and that Batista's business was used to facilitate the

drug conspiracy, the United States motion (Doc. 96) is **GRANTED**.  Pursuant to the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, Batista is liable for a forfeiture money judgment in the amount of $25,000, which is a final order of forfeiture as to Batista.  The $25,000 judgment comprises (1) $6,000 in proceeds from the drug offense, for which he is jointly and severally liable with his co-conspirators, Luis Arencibia, Alfredo A. Cookbodden, and Lazaro Rene Villarde-Francos, and (2) $19,000, the approximate value of Net Investment & Services Inc., for which Batista is personally liable.

Pursuant to 21 U.S.C. § 853(p), the United States may seek, as substitute assets in satisfaction of this judgment, forfeiture of any of Batista's property up to the value of the $25,000 forfeiture money judgment.   The court retains jurisdiction to entertain any third-party claim that may be asserted and to enter any order necessary to the forfeiture and disposition of any of Batista's property sought as a substitute asset.

ORDERED in Tampa, Florida, on October 1, 2010.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE